To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:
GILBERT, Member,
Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with regard to the above-captioned petition for discipline.
*208 HISTORY OF PROCEEDINGS
On March 20, 1989, the Office of Disciplinary Counsel filed a petition for discipline on [respondent]. The petition alleged that respondent had violated numerous Disciplinary Rules and two Rules of Professional Conduct in the course of his representation of [A] in an estate matter.
Respondent failed to file an answer to the petition for discipline. On July 21, 1989, a hearing on the matter was held before Hearing Committee [ ], which consisted of [ ].
On October 19, 1989, the Office of Disciplinary Counsel filed a petition to reopen the record in light of the October 11, 1989 final disposition of a separate disciplinary matter involving respondent, docketed at no. 40 D.B. 88. By Supreme Court order dated October 11, 1989, respondent was suspended from the practice of law for a period of two years. (Petitioner’s exhibit 16.)
On November 6, 1989, Hearing Committee [ ] ordered that the record in the instant matter be reopened for the purpose of receiving into evidence the record of discipline imposed upon respondent on October 11, 1989. (Administrative exh. I).
On November 17, 1989, a hearing was held before Hearing Committee [ ] on the petition to reopen the record. Respondent appeared pro se at the hearing, while petitioner was represented by Assistant Disciplinary Counsel [ ], and [ ].
On April 4, 1990, Hearing Committee [ ] filed its report on the hearings held on July 21, 1989 and November 17, 1989. The committee unanimously recommended that respondent be suspended from the practice of law for a period of one year, to run *209 consecutively with the two-year suspension ordered by the Supreme Court of Pennsylvania on October 11, 1989.
The instant matter was adjudicated at the May 1990 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.
FINDINGS OF FACT
We adopt the findings of fact outlined in the hearing committee report.

Generally

(1) That the respondent at the time of the hearing was 54 years of age and was admitted into practice in the Commonwealth of Pennsylvania in 1974. (N.T. 55.)
(2) That at all times relevant to the charges herein at issue, respondent was the sole practitioner with offices located at the [ ], with his post office box being [ ]. (N.T. 54.)

Charge I

(3) That on or about November 15, 1986, [B] died testate, a resident of [ ] County, possessed of personal property only, in the form of various stock certificates. (N.T. 16.)
(4) That in January 1987, [A], decedent’s nephew, sole heir, and the executor named in the will, discussed with respondent the possibility of retaining his services in handling the administration of the estate. Subsequently, on April 2, 1987, a petition for letters was filed. (N.T. 16-7.)
*210 (5) That respondent, as the attorney identified on the petition, and [A] appeared at the Register of Wills Office, [ ] County, and filed a petition for probate and grant of letters, which was granted on said date. (N.T. 17-8; petitioner’s exh. 13.)
(6) That steps were taken to advertise the decedent’s death and the grant of letters testamentary. (N.T. 18.)
(7) That respondent and [A] opened an estate checking account at [C] National Bank, [ ] Office, on which account both respondent and [A] had signatory authority. (N.T. 19.)
(8) That [A] deposited approximately $50 into the account to open it. (N.T. 19.)
(9) That it was agreed that the bank statements and notices would be directed to respondent at his office, and that respondent would maintain possession of the checkbook. (N.T. 19.)
(10) That it was also agreed that the proceeds from the liquidation of decedent’s personalty would be deposited into the account.
(11) That [A] turned over to respondent’s possession for immediate liquidation approximately 40 shares of stock in [D], and approximately 12 shares of stock in subsidiaries of [D]. (N.T. 20.)
(12) That respondent did not provide [A] with a receipt or itemization for the shares of stock left in his possession. (N.T. 20-1.)
(13) That thereafter, no further steps were taken by respondent to prepare or file an inventory of the assets of the estate, an inheritance tax return, or any other documentation needed to conclude the administration of the estate. (N.T. 21-9; petitioners exh. 5, 5(a), 5(b).)
*211 (14) That between April and mid-October 1987, [A] telephoned respondent’s office from time to time to inquire about the status of the estate.
(15) That respondent was never available to accept his calls. (N.T. 23-32.)
(16) That each time [A] left call-back messages with respondent’s staff and each time respondent failed to return [A’s] calls. (N.T. 23-32.)
(17) That in mid to late October 1987, the stock market took a substantial downturn and, precipitated thereby, [A] increased his efforts to reach respondent by telephone to inquire about the anticipated liquidation of the stock certificates left with respondent in April 1987. (N.T. 22-3.)
(18) That sometime before the end of October, [A] did reach respondent by telephone, wherein respondent indicated that the certificates had been sold by him prior to the “crash” and that he should be getting the proceeds in about a week. (N.T. 22.)
(19) That in fact, respondent had not sold the stock at the time he informed [A] as stated in finding of fact no. 18. (N.T. 28.)
(20) That respondent was aware of the falseness of the above finding at the time made and never advised [A] as to the falseness and misrepresentation regarding disposition of the certificates of stock, nor did respondent take steps to liquidate the stock or return the certificates to [A]. (N.T. 28.)
(21) That by letter to respondent dated October 22, 1987, the Department of Revenue advised of the delinquent status of the [B] estate and extended a “10-day courtesy period” to permit respondent to file an inheritance tax return. (N.T. 36-8; petitioner’s exh. 4, 6, 6(a).)
*212 (22) That respondent did not respond to the notice letter nor did respondent file an inheritance tax return on behalf of the estate, nor did respondent contact [A] regarding the receipt of the notice letter. (N.T. 36-8; petitioner’s exh. 6, 6(a).)
(23) That in April 1988, [A] directed to respondent a certified letter wherein he specifically sought communication on the disposition of the stock certificates and/or proceeds therefrom, and settlement of the estate. (N.T. 25-7; petitioner’s exh. 5, 5(a), 5(b).)
(24) That included with the letter was a copy of an April 5, 1988 delinquency notice [A] had received from the Department of Revenue concerning the failure to file an inheritance tax return. (N.T. 25-7; petitioner’s exh. 6.)
(25) That the return receipt card attached to [A’s] letter to respondent was signed on April 21, 1988, by [E], respondent’s office secretary. (Petitioner’s exh. 5(b).)
(26) That [A] indicated in the letter that he would bring this matter to the Disciplinary Board’s attention if he did not hear from respondent. (N.T. 24; petitioner’s exh. 5.)
(27) That respondent failed to respond to [A’s] letter.
(28) That thereafter, by certified letter to respondent dated November 10, 1988, the Department of Revenue advised him of a petition citation and order which had been issued regarding the delinquent status of the estate. The return date indicated in the order commanded that the executor appear to “show cause” on December 9, 1988. (Petitioner’s exh. 6.)
*213 (29) That the return-receipt card attached to the November 10 correspondence to respondent was signed on November 17, 1988 by [E], respondent’s office secretary. (Petitioner’s exh. 6(a).)
(30) That respondent failed to contact [A] regarding the letter, or to otherwise take corrective action.
(31) That on or about December 1, 1988, [F], Esq., attempted to contact respondent by telephone on behalf of [A] regarding the [B] estate. (N.T. 29-32.)
(32) That respondent was not available to receive [F’s] telephone call and [F] left a call-back message with respondent’s staff, but respondent failed to return the call. (N.T. 29-31.)
(33) That on or about December 5, 1988, [F] directed a letter to respondent requesting that he turn over [A’s] file on the [B] estate, particularly in light of the citation hearing scheduled in Orphans’ Court for December 9, 1988. (Petitioner’s exh. 7.)
(34) That in early December, respondent dropped off [A’s] file at Attorney [F’s] office. (N.T. 31.)
(35) That the Disciplinary Board accepted in evidence at the first hearing all of the petitioner’s exhibits and the same were admitted without any objections and the same were found to be relevant after considering the sporadic objections by respondent, as most of the exhibits were not objected to by respondent, and, therefore, were considered by the board in total for purposes of this decision.
(36) That the respondent had been subject to an informal admonition administered to him on December 30, 1981, at complaint file no. [ ], as a result of a finding of a violation of Disciplinary Rule 6-101(a)(3). (Petitioner’s exh. 9.)
*214 (37) That respondent was subjected to an informal admonition administered to him on October 18, 1982, at complaint file no. [ ], a result of a violation of Disciplinary Rule 2-106 and Disciplinary Rule 9-102(B)(4). (Petitioner’s exh. 10.)
(38) That respondent had been subject to an informal admonition administered to him on February 28, 1983, at file no. [ ], as a result of a violation of Disciplinary Rule 6-101(A)(3). (Petitioner’s exh. 11.)
(39) That respondent was the subject of record to a private reprimand administered on March 9, 1984, at file no. [ ], as a result of violation of Disciplinary Rules 6-101(A)(3), 1-102(A)(4) and 9-102(B)(4).
(40) That respondent was subject of record of an informal admonition administered December 13, 1984, at file no. [ ], as a result of violation of Disciplinary Rule 9-102(B)(4). (Petitioner’s exh. 13.)
(41) That respondent graduated from the University of [ ] in 1960 and [ ] Law School in 1973. (N.T. 55.)
(42) That respondent subsequent to his college
examination and entrance to [ ] Law School,
worked as an electrical engineer for the [ ] Company. (N.T. 56.)
(43) That respondent was admitted to practice law in the Commonwealth of Pennsylvania and was a sole practitioner, which constituted his full-time occupation. (N.T. 56-7.)
(44) That subsequent to the initial hearing of the hearing committee, which occurred on July 21, 1989, a Supreme Court order dated October 11, 1989, was handed down involving final discipline of a matter involving discipline which was entered against respondent in regard to a petition for disci *215 pline at no. 40 D.B. 88, which order suspended the respondent from the practice of law in the Commonwealth of Pennsylvania for a period of two years. (N.T. 14-5; petitioner’s exh. 16.)
CONCLUSIONS OF LAW
Respondent’s conduct in the instant matter is in violation of the following Disciplinary Rules and Rules of Professional Conduct:
(a) D.R. 1-102(A)(4) — dealing with a lawyer engaging in conduct involving misrepresentation;
(b) D.R. 1-102(A)(6) — dealing with conduct that adversely reflects on a lawyer’s fitness to practice law;
(c) D.R. 6-101(A)(3) — dealing with a lawyer neglecting a legal matter entrusted to the lawyer;
(d) D.R. 7-101(A)(l) — dealing with a lawyer intentionally failing to seek the lawful objectives of a client through reasonably available means;
(e) D.R. 7-101(A)(2) — dealing with a lawyer intentionally failing to carry out a contract of employment entered into with a client for professional services;
(f) D.R. 7-101(A)(3) — dealing with a lawyer intentionally prejudicing or damaging a client during the course of the professional relationship;
(g) D.R. 9-102(B)(3) — requiring a lawyer to maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and to render appropriate accounts to the client regarding them;
*216 (h) R.P.C. 1.3 — dealing with a lawyer’s duty to act with reasonable diligence and promptness in representing a client; and
(i) R.P.C. 1.4(a) — dealing with a lawyer’s duty to keep a client informed about the status of a matter and to comply with reasonable requests for information.
DISCUSSION
The Disciplinary Board has before it two issues: first, whether respondent’s conduct in the instant matter has violated any Disciplinary or Professional Conduct Rules; and, second, what, if any, disciplinary sanction should be imposed on respondent.
Petitioner bears the burden of proving, with clear and convincing evidence, that respondent’s conduct has violated the Pennsylvania disciplinary code. See Pa.R.D.E. 203. The gravamen of respondent’s alleged misconduct is his willful failure to take any action on behalf of his client and his subsequent misrepresentations about his inaction.
Complainant [A] testified at the July 21, 1989 hearing that he had retained respondent to assist him in his role as executor of his aunt’s estate. (N.T. 17.) [A] told the hearing committee that he and respondent had opened an estate checking account, and that respondent had taken possession of the checks for the account. (N.T. 19.) [A] testified that he gave respondent his aunt’s stock certificates, which constituted the entire estate, for which respondent failed to provide a receipt. (N.T. 20-1.)
[A] testified that in the summer of 1987, several months after his aunt’s death, respondent told him he had sold the stock and would be sending [A] the proceeds of the sale. (N.T. 23.) Respondent failed to *217 send [A] the sales proceeds because he had not sold the stock as he had claimed.
From October 1987 through the beginning of 1988, respondent failed to communicate with [A]. On April 18, 1988, [A] sent a letter by registered mail in which he threatened respondent with disciplinary action if he continued to refuse to complete the settlement of the estate. (Petitioner’s exh. 5). Respondent’s office did sign and return the receipt card of this letter. At the same time [A] sent the respondent a copy of an April 15, 1988 notice of delinquency he had received for the estate from the Internal Revenue Service.
Respondent continued to fail to take any action on the matter and [A] retained new counsel, who requested and received the estate file just in time for a December 1988 court appearance. (N.T. 28; petitioner’s exh. 7.)
The estate was finally settled more than one year after [A’s] aunt’s death. It is to be noted that even with the decline in the stock market of October 1987, [A] earned a $300 profit on the sale of the stock from the estate. (N.T. 34.) None of [A’s] testimony was controverted, and respondent did not object to the introduction of petitioner’s exhibits into evidence.
It is clear from the complainant’s uncontroverted testimony and petitioner’s unchallenged exhibits that respondent’s conduct in the instant matter violated all of the Disciplinary and Professional Conduct Rules as charged. He willfully failed to take any action on a simple estate matter, despite his possession of the authority necessary to make settlement. He knowingly misrepresented the status of *218 the case to his client and simply became incommunicado when he no longer wished to have any further dealings with [A]. Although respondent was aware of his own failure to take any action on his client’s behalf, he failed to return [A’s] property until a request was made by new counsel. Based on the straightforward prima facie case outlined by petitioner and respondent’s failure to provide any satisfactory explanation for his conduct, we find he has violated the Disciplinary and Professional Conduct Rules as alleged in the petition for discipline.
Having determined that respondent is guilty of misconduct in the instant matter, the next question before the Disciplinary Board is the appropriate disciplinary sanction to be imposed. The record in the instant matter was reopened by hearing committee order so that the committee could consider, a final, independent disciplinary adjudication involving respondent. (Administrative exh. I.) On October 11, 1989 the Pennsylvania Supreme Court ordered respondent suspended from the practice of law for a period of two years. (Petitioner’s exh. 16.) Respondent’s suspension stemmed from violations of D.R. 1-102(A)(4); D.R. 6-101(A)(3); and D.R. 7-101(A)(2). (Petitioner’s exh. 15.)
Respondent’s two-year suspension is the latest entry into a long list of Disciplinary Rule violations. (See administrative exh. II.)
(a) In November 1981, respondent received an informal admonition, no. [ ], for violation of D.R. 6-101(A)(3). (Petitioner’s exh. 9.)
(b) In October 1982, respondent received an informal admonition, no. [ ], for violation of D.R. 2-106 and D.R. 9-102(B)(4). (Petitioner’s exh. 10.)
*219 (c) In February 1983, respondent received an informal admonition, no. [ ], for violation of D.R. 6-101(A)(3). (Petitioner’s exh. 11.)
(d) In March 1984, respondent received a private reprimand, no. [ ], for violation of D.R. 6-101(A)(3), D.R. 1-102(A)(4), and D.R. 9-102-(B)(4). (Petitioner’s exh. 12.)
(e) In December 1984, respondent received an informal admonition, no. [ ], for violation of D.R. 9-102(B)(4). (Petitioner’s exh. 13.)
Respondent’s lengthy disciplinary record and his continued neglect of entrusted legal matters necessitate the imposition of a stringent disciplinary sanction, for apparently his repeated brushes with the Disciplinary Board have failed to illuminate the gravity of his misconduct.
RECOMMENDATION
The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent be suspended from the practice of law in the Commonwealth of Pennsylvania for a period of one year, to run consecutive to the two-year suspension from practice imposed on respondent by Supreme Court order dated October 11, 1989. The board recommends further that respondent be ordered to pay the costs of investigating and prosecuting this matter.
Ms. Heh did not participate in the adjudication.
*220 ORDER
And now, October 3, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated August 8, 1990, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year, to run consecutive to the two-year suspension from practice imposed on respondent by Supreme Court order dated October 11, 1989, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.